NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

May 1, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 05-3667

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 04 CR 423 |
| DESHUN SMITH, | |
| *Defendant-Appellant.* | Amy J. St. Eve, *Judge*. |

**O R D E R**

The Supreme Court has granted DeShun Smith's petition for a writ of certiorari, vacated the judgment, and remanded his case to us for further consideration in light of Kimbrough v. United States, 128 S. Ct. 558 (2007).  Smith v. United States, 128 S. Ct. 917 (2008).

Along with several other defendants, Deshun Smith was convicted of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and of distribution of narcotics, in violation of 21 U.S.C. § 843(b).  He was sentenced to 92 months in prison.  The calculation of his sentence implicated the disparity in sentencing--the 100-to-1 ratio--between crack cocaine and powder cocaine.  On appeal, Smith and three of his codefendants raised the issue of the disparity in order to preserve it.  In response to the

argument, the government did not contend that Smith had forfeited the issue (thus requiring only plain error review), but rather argued only that we should follow our established precedent as to these issues, which is what we did.  Kimbrough now indicates that, contrary to our prior decisions, see United States v. Miller, 450 F.3d 270 (7th Cir. 2006), a district court can conclude that the crack cocaine guidelines result in an offense level higher than necessary to achieve a just sentence.  In light of the prior posture of this case and the grant of certiorari on the issue, we find that Smith is entitled to remand for resentencing.

But as we pointed out in United States v. Taylor, ___ F.3d ___, 2008 WL 782739 (7th Cir. Mar. 26, 2008), there is a "complication."  Consistent with the March 3, 2008 "Supplement to  the 2007 Guidelines Manual," § 1B1.10(a)(3), defendants may "move for a reduction in their sentence to conform to the Sentencing Commission's decision to reduce retroactively the 100:1 ratio that generates such harsh sentences for crack offenses relative to powder offenses."  We considered the possibility that this provision might make resentencing in light of Kimbrough pointless.  But ultimately we determined that resentencing might not be pointless in any given case:

> The new guideline provides that a sentence under it may not be lower than the new guidelines range, U.S.S.G. § 1B1.10(b)(2)(A) (Mar. 3, 2008), unless the original sentence was a nonguideline sentence, in which event, however, "a further reduction generally would not be appropriate."  Id., § 1B1.10(b)(2)(B).  Like the rest of the guidelines, this provision may be merely advisory, in which event a sentence lower than the one prescribed by section 1B1.10(b)(2)(A) may be "consistent with applicable policy statements issued by the Sentencing Commission," as required by 18 U.S.C. § 3582(c)(2), the statute granting district courts authority to reopen a sentence that has become final.  But the status of section 1B1.10(b)(2)(A) has not been argued to us and we take no position on it.  In any event, Kimbrough, following Booker, allows a judge to sentence below the guidelines range.

Taylor, 2008 WL 782739, at *3.

Taylor also sets out the path district courts should take, given the remedies available.  But because Taylor involved plain error review, whereas here the government waived a forfeiture argument, the present case requires one less step. Here, there must either be reconsideration of the sentence in light of Kimbrough or the possibility of relief under the "Commission's new crack regime."  The district judge must decide whether to act favorably on the defendant's motion, if he makes one, or on the court's own motion, for relief under the new guidelines.  If the judge "decides to impose the same sentence under the new guideline, or if though she lowers the sentence the defendant believes that 18 U.S.C. § 3553(a) would warrant a still-lower sentence," Taylor, at ___, or if no relief under the guideline is forthcoming, then the defendant must be resentenced under Kimbrough.  We hope this procedure sounds more convoluted on paper than it will be in actuality.  But one way or another, the sentence imposed on Smith must be reconsidered.

Accordingly, we VACATE Smith's sentence and REMAND the case to the district   court for resentencing.  This, of course, does not imply that Mr. Smith is entitled to a lower sentence: His entitlement is to a new sentencing hearing where the district court can consider , among other things, the full extent of its discretion, pursuant to 18 U.S.C. § 3553(a), and Kimbrough.